# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RON MOSLEY,

        Plaintiff,    :    Case No. 3:15-cv-033

                                  District Judge Thomas M. Rose
- vs -                             Magistrate Judge Michael R. Merz

DAYTON POWER & LIGHT CO,,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

Plaintiff Ron Mosley brought this action *pro se* against the Dayton Power & Light Company ("DP&L"). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

Upon reviewing the Complaint, the Court finds that it does state a claim for relief, to wit, that Defendant DP&L has double billed Plaintiff for electricity services it provided. That is essentially a claim for breach of contract and may also state a claim under PUCO law.

However, the Complaint does not state a claim for relief arising under federal law which would give this Court jurisdiction under 28 U.S.C. § 1331. Nor are Ms. Mosley and DP&L of diverse citizenship since both are residents of Ohio. Mr. Mosley is a natural person who resides in Ohio and DP&L, Inc., is shown by the Ohio Secretary of State's website to be an Ohio corporation which has its principal place of business in this judicial district. Therefore the Court does not have jurisdiction under 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).

A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Because this Court does not have subject matter jurisdiction over Mr. Mosely's claim against DP&L, this case must be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

January 30, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).